UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Crim. No.: 4:18-cr-00520-RBH-1 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Tommy Adams, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Tommy Adams, Jr.'s [ECF No. 46] motion for an evidentiary hearing pursuant to *Franks v. Delaware* and [ECF No. 62] motion to suppress. The Court held a hearing on the motions on September 10, 2018. For the reasons stated below, Defendant's motions are denied.

**Factual Background**

On November 2, 2017, Bennettsville Police Department ("BPD") Investigator William K. "Kel" Hall used a confidential informant (CI-1) to make a purchase of a quantity of cocaine base from Defendant at a house located at 8 Ella Street, Bennettsville, South Carolina. After the controlled buy, BPD officers surveilled Defendant for a period of time. While under surveillance, Defendant was observed driving a black Lincoln Town Car and the vehicle was seen regularly at 8 Ella Street.

Between late December and February, Investigator Hall received additional information about Defendant from another confidential informant (CI-2). Specifically, CI-2 provided information that Defendant: 1) drove a black 2002 Lincoln Town Car from 107 Williams Street to 8 Ella Street; 2) carried a handgun with him; and 3) sold drugs at 8 Ella Street.

On February 1, 2018, CS-2 called Investigator Hall and provided information that Defendant

had distributed illegal drugs at 8 Ella Street within the previous three days. Investigator Hall then obtained a search warrant from Magistrate Robert A. Stanton, Jr. on February 1, 2018.

The search warrant affidavit stated the following:

> I…, Investigator Kel Hall, spoke with a confidential source who has provided information concerning the criminal activities of others of which information was not available to the public and which was confirmed as true and accurate by independent investigation by this department and was considered as material in the investigation to which: the information received on February 1, 2018, this affiant was advised by a confidential source that within the past three (3) days confidential source saw one Tommy Adams, Jr. distribute illegal narcotics (cocaine and/or crack cocaine) from 8 Ella Street. Confidential source advised that Tommy Adams, Jr. leaves his residence at 107 Williams St. in a black 2002 Lincoln Town Car South Carolina Tag NTD 994 from 0740 am to 0820 am and transports the illegal narcotics on him as he heads to 8 Ella Street every morning. Confidential informant also advised that Tommy Adams, Jr. keeps a .40 caliber pistol on him most of the time on his left side. The information given by the confidential informant has been verified by narcotics investigators through several surveillance outtings during the morning and daytime hours at 8 Ella Street over the past four months. Narcotics investigators have also sent a confidential informant on November 2, 2017 and purchased a quantity of crack cocaine from Tommy Adams, Jr. from inside the residence at 8 Ella Street with audio and video surveillance equipment.

The search warrant application also included a description of the premises (person, place or thing) to be searched:

> The premises at 8 Ella Street, Bennettsville, SC; further described as a single-story dwelling house, white wood exterior, with a screened in front proch [sic]. Residence located on dirt road end of Ella Street facing 15-401 By-Pass. All rooms, attic and other parts therein and the surrounding grounds and any storage buildings of any kind located thereon. Also to include any and all vehicles and person's on the property at the time of search.

The search warrant was issued on February 1, 2018, and served the following morning by

2

BPD officers at 8 Ella Street. Both the warrant and application were attached when served. Officers detained Defendant while the search warrant was served. The search of the Lincoln Town Car took place at 8 Ella Street.

Officer Marcus Shaw testified that his drug detection dog ("Bogar") was used to do a free air sniff of the car. Shaw testified that Bogar was brought to help focus the search to the areas where narcotics could be found. Officer Shaw testified that Bogar alerted near the passenger side and gas tank cover of the vehicle.

Officers searched the interior of the car and eventually opened the gas tank cover. A BPD officer found approximately 13 individually wrapped baggies of cocaine base, 15 individually wrapped baggies of cocaine, a bag of marijuana and one pink "Transformer" pill believed to contain methamphetamine just behind the gas tank cover. A search of the interior of the car uncovered a loaded Rossi .38 caliber pistol in the glove box.

On May 22, 2018, Defendant was charged in a four-count indictment. ECF # 4. Counts One and Two charged Defendant with possession with intent to distribute and distribution of cocaine and with possession with intent to distribute marijuana, cocaine, and cocaine base all in violation of 21 U.S.C. § 841(a)(1). Count Three charged Defendant with felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Count Four charged Defendant with knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, prosecutable in a court of the United States in violation of 18 U.S.C. § 924(c).

## **Discussion**

I. **Motion for *Franks* hearing**

Defendant requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154

3

(1978). To be entitled to a *Franks* hearing, the defendant "must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks v. Delaware*, 438 U.S. 154, 155-56. Second, the offending information must be essential to the probable cause determination; that is, if the offending information is excluded and probable cause still remains, no *Franks* hearing or relief is required. *United States v. White*, 850 F.3d 667, 672-72 (4th Cir. 2017).

Defendant contends the investigator included information in the search warrant affidavit that was either false or included with a reckless disregard for the truth of the information. Specifically, Defendant argues that, based on the discovery provided in the case, the Bennettsville Police Department could not have possibly verified all of the information provided by the confidential informant. However, Investigator Hall credibly testified that CI-2's information regarding the travel routine and vehicle used by Defendant was corroborated through the police department's own surveillance of the Defendant following the initial controlled buy on November 2, 2017. The November 2nd controlled buy at 8 Ella Street with CI-1, which was recorded by audio and video, also corroborated CI-2's information. Defendant has failed to make a substantial preliminary showing that the affidavit contained a false statement or that any false statement was knowingly and intentionally, or with reckless disregard for the truth, included by the affiant in the warrant affidavit.

Defendant also argues that the affidavit is written as if the confidential informant provided all of the information on February 1, 2018. To the contrary, when read in its entirety, the warrant affidavit does not suggest that the confidential informant provided all of the information on February 1, 2018. However, even if the warrant affidavit could be interpreted in the manner Defendant suggests, Defendant has failed to show the warrant affidavit was written in that way in an

4

attempt to mislead the Magistrate Judge. Defendant has failed to establish the falsity of the statement, or that any false statement was included knowingly, intentionally, or with a reckless disregard for the truth. Moreover, if the reference to February 1, 2018 was omitted from the warrant affidavit, probable cause would still remain.

Defendant has failed to make the substantial preliminary showing required in order to be entitled to a *Franks* hearing. Accordingly, Defendant's motion for a *Franks* hearing is denied.

## II. Motion to suppress

Defendant moves to suppress the firearm and drug evidence found as a result of the search of his car arguing the search warrant lacked sufficient particularity to search Defendant's car. Defendant further argues the search warrant lacked sufficient particularity to authorize a search of the gas tank lid, where the drugs were found. Finally, Defendant questions whether the K-9 alert was a legitimate alert and, if so, whether the alert gave officers the right to search the gas tank lid on the car.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, support by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. A warrant meets the particularity requirement "if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925). A warrant's supporting affidavit may be read together with a warrant that otherwise lacks sufficient particularity if the warrant uses appropriate words of incorporation, and "if the supporting document accompanies the warrant." *United States v. Hurwitz*, 459 F.3d 463, 470-71 (4th Cir. 2006).

Here, the warrant was accompanied by the affidavit. The search warrant authorized a search

of any and all vehicles at 8 Ella Street at the time of the search. The search warrant affidavit specifically references Defendant's black Lincoln Town Car. When read together, the search warrant and search warrant affidavit were sufficiently particular to authorize a search of Defendant's Lincoln Town Car, including the gas tank lid, when the car arrived at 8 Ella Street. The officers could, with reasonable effort, ascertain that Defendant's *entire* Town Car was the place intended to be searched pursuant to the search warrant.

Furthermore, it was objectively reasonable for the officers conducting the search to believe that the search of Defendant's Lincoln Town Car, including the gas tank lid, was authorized by a valid warrant. Accordingly, even if the search warrant was defective with respect to its particularity, the good-faith exception to the exclusionary rule would apply. *See United States v. Qazah*, 810 F.3d 879, 887 (4th Cir. 2015) (finding officers performing the search had an objectively reasonable belief in search warrant's validity; thus evidence recovered in search was admissible under the good-faith exception to the exclusionary rule); *Massachusetts v. Sheppard*, 468 U.S. 981, 990–91 (1984) (concluding that because there was an objectively reasonable basis for police officers' mistaken belief that search warrant authorized the search which officers conducted, the evidence recovered during a search of the defendant's home need not be suppressed even though the warrant's description of the items to be seized was "completely inaccurate").

Finally, even though there is some dispute as to whether the K-9 alerted specifically at the gas tank lid, based on the credible testimony of Officer Shaw, the Court finds that the K-9 positively alerted to Defendant's vehicle at some point. The positive alert by the K-9 provided an independent basis to search Defendant's car, including the gas tank lid. *See United States v. Jeffus*, 22 F.3d 554, 557 (4th Cir. 1994); . Therefore, even if the search warrant was defective as Defendant argues,

officers had probable cause to search Defendant's car, including the gas tank lid, based on the K-9's positive alert.

For those reasons, Defendant's motion to suppress is denied.

## **Conclusion**

Defendant Tommy Adams, Jr.'s [ECF No. 46] motion for an evidentiary hearing pursuant to *Franks v. Delaware* and [ECF No. 62] motion to suppress are **DENIED**.

IT IS SO ORDERED